MICHAEL ROMANO, PETITIONER-RESPONDENT, v. RALPH, THOMAS AND LOUIS DiDONATO, INDIVIDUALLY AND TRADING AS DiDONATO BROTHERS, RESPONDENTS-RESPONDENTS, AND UNITED STATES CASUALTY COMPANY, RESPONDENT-APPELLANT.

Submitted February 13, 1942—Decided April 23, 1942.

For the appellant, *Cox & Walburg.*

For the respondents, *David Roskein, John A. Laird* and *Avidan & Avidan.*

The opinion of the court was delivered by

DONGES, J. This is an appeal from a judgment of the Supreme Court reversing a determination of the Essex County Court of Common Pleas in a proceeding growing out of a workman's compensation award. The respondent, Michael Romano, has an award against Ralph, Thomas and Louis DiDonato, individually and trading as DiDonato Brothers, for an injury from an accident found to have arisen out of and in the course of his employment by them. The appellant United States Casualty Company had issued a policy of compensation insurance to the partnership, but it disclaimed liability and refused to defend the claim upon the ground

that the risk was not covered by the policy. Following the award and the failure of the employer to satisfy it, as appears in the stipulation of facts, Romano instituted the statutory proceeding in the Essex County Court of Common Pleas, to compel the insurance company to pay. In this proceeding both the employers and the insurance company were made parties. Judge Flanagan held the loss was not covered by the policy. The employers brought *certiorari* and the Supreme Court reversed.

The DiDonato brothers were engaged in the produce business. The policy extended coverage to them in their business in the following language:

"Produce dealers, buying, packing or otherwise preparing general produce for shipment or transportation, using stores or buildings temporarily, but not caring for produce during transit, including drivers, chauffeurs, and their helpers, clerical office employees."

The facts are not in dispute. It appears that in July, 1939, the three brothers decided to purchase three lots and erect thereon three identical houses, one for each brother. With partnership funds, they purchased three lots from the Town of Bloomfield, one being conveyed to each brother. They then proceeded to build the houses, entering into contracts with independent contractors for some of the work and employing men under their own supervision for other parts of the work. The persons employed were paid by partnership checks from funds representing profits of the partnership in its produce business. The petitioner, Romano, was one of these employees and on July 18th, 1939, he suffered the injury which led to the award in the Bureau. As stated, the insurance company denied liability and the statutory proceeding to compel payment resulted.

The first point of the appellant insurance company is that the employers had no right to have the determination of the Common Pleas reviewed on *certiorari*. Reliance is upon the case of *Chodosh Bros.* v. *American Mutual Liability Insurance Co.*, 119 *N. J. L.* 335, but there the employer, without paying the award, instituted an action at law against the insurance company for the amount of the award. Here a

statutory proceeding was instituted by the employee to which the employers were named parties and in which they filed an answer, and in which they participated and received an adverse decision.

The pertinent statute is *R. S.* 34:15-84, which provides:

"Every such contract shall further provide, or be construed to provide, that any injured employee or his dependents may enforce the provisions thereof to his or their benefit, either by agreement with the employer and the insurance carrier, in event that compensation be settled by agreement, or by joining the insurance carrier with the employer in his petition filed for the purpose of enforcing his claim for compensation, or by subsequent application to the court of common pleas, upon the failure of the employer, for any reason, to make adequate and continuous compensation payments."

In the later proceeding growing out of the award in the Chodosh case, namely, *American Mutual Liability Insurance Co.* v. *Chodosh,* 123 *N. J. L.* 81, affirmed on the opinion of the Supreme Court, 124 *Id.* 561, it appears that both the insurance company and employers were parties to the proceeding. The proceeding was instituted by the beneficiary of the compensation award, alleging that neither the employer nor insurance carrier had made payment. The Supreme Court said, in dealing with this proceeding:

"An order was made requiring the carrier to show cause why the award should not be paid by it. (*Pamph. L.* 1917, *ch.* 178; *R. S.* 34:15-70, *el seq.*) The carrier moved to dismiss the proceedings on several grounds—mainly want of jurisdiction in the Pleas and failure to allege that the contract of the carrier covered the work done by the decedent out of which death resulted. The motion was denied. An answer was then filed by the insurance company on which issue was joined and on March 11th, 1938, the court, on application of the carrier, joined the employer as a party so that the whole matter might be disposed of in one suit, on the theory that if the carrier were held liable on its contract it might be made whole by a counter-claim which it filed against the corporate employer.

"The proceeding in question is brought under section 10 of the Workmen's Compensation Insurance Act of 1917. *R. S.* 34:15-84."

It appears, therefore, that the Supreme Court and this court approved the practice of making both the employer and insurance carrier parties to a proceeding of this kind, in order that all questions may be settled therein. The pertinent section provides for three methods of having the rights of the employee adjudicated, namely:

(a) by agreement by employer and insurer where compensation is settled by agreement; or

(b) by joining the insurer with the employer in the petition for compensation; or

(c) by subsequent application to the Pleas on the failure of the employer to make adequate and continuous payments.

In *Belanowitz* v. *Travelers Insurance Co.,* 125 *N. J. L.* 301, 307, this court said: "The propriety of making an insurance carrier party to the compensation proceeding has been established. *Brown* v. *Conover,* 116 *N. J. L.* 184. It is authorized by the statute."

It will be observed that the third of the above remedies does not state who shall be parties. Inasmuch, however, as otherwise throughout the section provision is made for the joining of both employer and insurance carrier it appears logical that both are proper, if not necessary, parties on the application to the Pleas for enforcement of payment of the award. Certainly, if the employer was without remedy to review a determination adverse to his interest, he might be met with a plea of *res judicata* if he endeavored to collect against the insurance carrier by suit.

The practice of joining both the employer and insurance carrier in proceedings of the kind now before us has received sanction in the case of *American, &c., Insurance Co.* v. *Chodosh, supra.* In *Scheno Trucking Co.* v. *Bickford,* 115 *N. J. Eq.* 380; *affirmed,* 116 *Id.* 586, Vice-Chancellor Bigelow, in dealing with this statute says: "The employee is given the right to join the insurer with the employer in his petition for compensation or for enforcement of compensation payments (section 10)."

The reasoning of Mr. Justice Parker in *Brown* v. *Conover, supra,* is applicable here:

"For the insurer, prosecutor, the preliminary point is made that Mrs. Conover had no status to appeal as against prosecutor, because she was not legally aggrieved. But we think that she was. It was not a case of judgment against joint *tort feasors* in which neither can recover over against the other. Mrs. Conover, while in a sense primarily liable to the employee, is entitled as between herself and the company to have the latter stand in her place in regard to the award, and to insist that it do so. She claims that instead of being forced to pay the award herself and then bring her own suit against the company to get her money back, she is entitled to save vexatious litigation by having an adjudication in the compensation case that the company pay in the first instance in accordance with the usual practice where there is no dispute, and avoid expense and circuity of action. If that is her right, she is clearly aggrieved by the denial of it."

We conclude that the employer is a proper, if not necessary, party to the proceeding and that he may have *certiorari* to review an adverse determination.

Respondent-appellant next argues that there was no liability under the policy. The Supreme Court held that the case was controlled by *R. S.* 34:15-87, providing:

"No provision of such policy shall be construed to restrict the liability of the insurer to any stated business, plant, location, or employment carried on by an assured unless the business, plant, location or employment excluded by such restriction shall be concurrently separately insured or exempted as provided for in this article."

In order to apply this section of the statute it is necessary to conclude that the construction of these houses was the operation of a business by the partnership and one that was not separately insured. The Supreme Court so held.

We conclude that this is not so, and that what is meant by a business excluded by a restriction, in this statute, is an enterprise conducted with the hope of returning a profit. At least it would be an operation in which the assured was regularly engaged and not a casual operation such as the building

of residences for the use of the partners, which, when built, would no longer be the concern of the partnership.

*American Mutual Liability Insurance Co.* v. *Chodosh, supra,* seems to be controlling. There an officer of the assured, Chodosh Brothers and Wexler Coal and Ice Co., Inc., met his death while painting the roof of a summer house on a residential property he occupied. In that case the property was owned by the corporation employer. In the instant case, the title was in the name of one of the partners. Can it be said that the building of a house for one of the partners on land owned by him is more of a business of the partnership organized to conduct the produce business, than is the maintaining of a property owned by the corporation and occupied by one of its officers, as in the Chodosh case? If the business had been operated by one individual instead of three, and he had purchased land and proceeded, as here, to build a house, making payments therefor out of the business revenues, could it be said he was conducting a separate business? The fact that three persons pursue the same course does not alter the fact.

We conclude that the policy did not cover the operation here involved and that the statute relied on is not applicable.

The judgment of the Supreme Court is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, DONGES, HEHER, COLIE, DEAR, WELLS, RAFFERTY, HAGUE, THOMPSON, JJ. 11.